UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JUDGE CHIN '08 CIV 5965
---------------------------------------------x

DARRELL SIMS,                          :

               Plaintiff,        :     **COMPLAINT AND**
                                             **JURY TRIAL DEMAND**
               -against-         :
                                             JUL 01 2008
THE CITY OF NEW YORK,                  :

               Defendant.        :

---------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended, and the Civil Rights Act of 1866, to correct unlawful employment practices on the basis of Race and Retaliation. Plaintiff also pleads the New York City Civil Rights Act, "Specifically Intro 22A" City of New York Human Rights Act, and to make whole Darrell Sims.

During his employment with the City of New York, specifically with the Department of Housing Preservation and Development (HPD) in New York City, Plaintiff Darrell Sims was subjected to severe and pervasive racial discrimination, as well as a hostile work environment. Said illegal discriminatory behavior continues through the filing of this complaint.

Plaintiff has continually been passed over for promotions, due to his race; said positions have been given to a <u>younger</u>, less experienced, <u>white males and a white female</u>.

Said discrimination occurred solely because of Plaintiff's race, and retaliation for previous EEO activity.

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C.A. §§ 1343 and 1343(4) and 42 U.S.C.A. § 1981; this being a proceeding seeking to enforce rights and remedies secured under Title VII of the Civil Rights Act of 1964 and the Human Rights Law of the City of New York, specifically "Intro 22A".

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 2261 and 2262, this being an action for Declaratory Judgment declaring illegal the acts of Defendant complained of herein.

## PARTIES

4. Plaintiff, Darrell Sims, is a 53-year-old African-American born in Middletown, Ohio. Plaintiff has been a citizen of the State of New York (Manhattan), for the past 31 years.

5. Defendant is a municipal corporation, incorporated in New York State. The City of New York is a corporation doing business in New York State and is responsible for implementing the City's employment policies and regulatory practices. Thus, they are ultimately responsible for the unlawful practices complained of herein.

They are being sued in their official corporate capacity as provided in 717(c), 42 U.S.C. § 2000e-16(c).

6. Defendant is an employer in the meaning of Title VII of the Civil Rights Act as amended and is ultimately responsible for the unlawful practices complained of herein.

7. At all relevant times relevant to this action, Plaintiff was and is employed by the City of New York. As such he is an employee in the meaning of Title VII.

## FACTS GIVING RISE TO RELIEF

8. Plaintiff has been employed by the New York City Department of Housing Preservation and Development for the past 27 years. He is presently an Architect in the Division of Architectural Construction and Engineering, in the Office of Housing Operations.

9. Plaintiff has been a Registered Architect for the past 15 years. Plaintiff received his BA from Earlham College in 1977, and his Masters in Architecture from Columbia University in 1980. Plaintiff received a second Masters in Real Estate Development in 1988, from Columbia University.

10. In addition to Plaintiff's educational background, Plaintiff attended several enrichment courses for HPD to bolster his academic background and managerial skills. Plaintiff received his Architectural Licences to practice in the States of Ohio (September 1993), and New York (November 1993).

11. In 2005 Plaintiff was the Technical Director of the Article 8A Loan Program (to rid the City of urban blight). In that capacity, Plaintiff managed approximately five to seven individuals who were Construction Services Managers, who were primarily Construction Project Managers.

12. One of the individuals was African-American, along with the Secretary; the others were white, and one Asian.

13. Joe Canton is a white male who was a Construction Project Manager. Joe Canton was one of the individuals whose time card Plaintiff signed for a year in the 1990's.

14. In mid-to-late 1990's, Plaintiff's Division was consolidated with the Division of Architecture, Construction and Engineering (D.A.C.E.). During early 1997, a position for the Director of Technical Services for the Bureau of Development Programs became available. At the time, Plaintiff was the only Manager in the Bureau. Mr. Canton was a Construction Project Manager (Step III). Plaintiff, who was already a Manager (M-1), a higher designation, was "passed over" and Joe Canton was appointed to the position, in March 1997, even though he had not been in a managerial position.

15. The position was not announced or posted through the usual channels, such as throughout the entire agency. Plaintiff was aggrieved and reported said information to Myrna Ramon (the former Deputy Commissioner for the responsible office of the Agency). Nothing came of Plaintiff's complaint.

16. After Joe Canton received the position, he started signing Plaintiff's time sheet as Plaintiff's supervisor because now he was the Administrator Construction Manager.

17. Joe Canton retired in 2002. Plaintiff applied for that vacancy; Plaintiff did not get the position. Michael Popper, a white male, received the position. He had only been in the Bureau for two years, but had served as Canton's Deputy. Plaintiff was interviewed for the job but did not get it. Bill Rosado, a white male, gave the job to Michael Popper.

18. Plaintiff had filed a Complaint against HPD and, as a result, felt they were retaliating against him.

19. This time, Plaintiff filed a complaint with the EEOC, and retained Gregory Reid, as counsel. After the investigation, Plaintiff was given a Right to Sue Letter in November, 2004, but chose not to sue civilly.

20. In 2005, Michael Popper retired. He had been the Acting Director of the Bureau Technical Services for Development Programs, for D.A.C.E.

21. Plaintiff applied for this vacancy in 2006. The job was given to Joe Longo, a white male. Mr. Longo did not have any graduate degrees, nor did he have a professional licence. He was less qualified and had less experience than Plaintiff. Plaintiff had actually trained him when he first arrived at the Agency.

22. Plaintiff had applied for the job, but was not interviewed. Plaintiff was well

qualified, and more qualified for the position, since he had previously performed all the substantive duties that were required for the position. Once again he was "passed over."

23. Since Plaintiff had been complaining about his inability to be promoted, his supervisors started to retaliate against him by failing to give him an additional workforce to complete the tasks he was doing. As a result, Mr. Rosado wrote Plaintiff up and hinted Plaintiff's behavior was insubordinate.

24. As a result, Plaintiff's office was taken from him, along with his directorship and his staff. Plaintiff was also demoted to the position of Architect.

25. Since Plaintiff challenged the hiring of these individual white men and one women who applied for these positions, Plaintiff lost his directorship, did not receive an increase in salary, and was displaced from his office, all of which caused him loss of money as well as stress and public humiliation.

26. Peter Grebski, another white male, who was several levels below Plaintiff, had now become Plaintiff's supervisor, which showed a pattern of whites being promoted over Plaintiff.

27. Plaintiff only received "one" average managerial evaluation; the others evaluations had been outstanding and very good. Plaintiff's previous evaluation had been outstanding across the board.

28. Plaintiff also applied for the position of Chief of Staff for D.A.C.E. A young, white female, Meryl Block Weissman, who was far less experienced and qualified,

was given that position.

29. Plaintiff has performed his work in a superior fashion and has received outstanding evaluations. As a manager, Plaintiff was only evaluated once by a supervisor who had worked with him for a brief period of the evaluation year. It appears that Plaintiff was not interviewed or given any of these positions because the City's selection process was a <u>sham</u> . . . and was not ever intended to be an open fair selection process except for said white males, and white females.

30. Plaintiff was obviously being precluded from promotions at his Department, which is not based on an objective selection process.

31. Plaintiff pursued a compliant with the Equal Employment Opportunity Commission. He received a "Right to Sue Letter" which was mailed to him on March 31, 2008. He received said letter on April 4, 2008. Plaintiff files his timely law suit in accordance with said "Right to Sue Letter" (see Exhibit 'A').

32. Defendant is an employer in the meaning of Title VII of the Civil Rights Act as amended and is ultimately responsible for the unlawful practices complained of herein.

33. At all relevant times relevant to this action, Plaintiff was and is employed by the City of New York. As such he is an employee in the meaning of Title VII.

## CAUSE OF ACTION

## COUNT ONE

(For Racial Discrimination in Failing to Promote Plaintiff and Failure to Provide Equal Opportunity in Promotions in Violation of the Civil Rights Act of 1866, 42 U.S.C.A. § 1981.)

34. Plaintiff re-alleges the allegations of ¶¶ 1-33 and incorporates them by reference herein.

35. Defendant, by their supervisors and managers, and other subordinate employees, undertook a course of discriminatory, retaliatory and harassing treatment against Plaintiff on the basis of his Race, as alleged herein, including but not limited to creating an intimidating, hostile, and offensive work environment. These actions constitute Racial Discrimination, Violation of the Civil Rights Act of 1866, 42 U.S.C.A. § 1981.

36. Defendant, by the supervisory and management staff employees of the City of New York Department of Housing Preservation and Development, located in New York undertook the actions alleged herein intentionally and in wanton disregard for Plaintiff's constitutional and statutory rights.

37. These practices and employment policies unlawfully discriminated against Plaintiff with respect to the terms, conditions, and privileges of his employment based upon his race and ultimately caused him to be "discriminated" in his employment.

## CAUSE OF ACTION

## COUNT TWO

(Cause of Action for Discrimination in Discrimination of Employment in Violation of Title VII of the Civil Rights Act of 1964 as amended. 42 U.S.C.A. § 2000e-5(f) and 28 U.S.C.A. §§ 1231 and 1343(4).)

38. Plaintiff re-alleges the allegation of ¶¶ 1-37 and incorporate them by reference herein.

39. Defendant, by their supervisors and managers undertook a course of discriminatory, retaliatory and harassing treatment against Plaintiff by giving numerous positions to individuals who were white and less qualified than him which kept Plaintiff in the same position, as a pretext, which enabled Defendant to keep him in the same position under the guise he was not as qualified for the promotion as the person who ultimately received it.

40. By engaging in the foregoing conduct Defendant has violated Plaintiff's rights under the Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.A. § 2000e-5(f) and 28 U.S.C.A. §§ 1331 and 1343(4).

41. By acting as described herein, Defendant acted with malice or reckless disregard for Plaintiff's civil rights causing Plaintiff to undergo an intimidation, hostile and offensive work environment causing Plaintiff monetary damages and emotional injuries and numerous other injuries.

## **CAUSE OF ACTION**

## **COUNT THREE**

(Discrimination Based on the City Human Rights Law, Specifically under Intro 22A, the Local Civil Rights Restoration Act.)

42. Plaintiff re-alleges the allegations of ¶¶ 1-41 and incorporates them by reference therein.

43. Plaintiff asserts jurisdiction based on the City of New York's Civil Rights Act. Specifically Intro 22A provides the Court with the ability to expand any jurisdiction, which may be constricted by the state and federal statutes. Consequently, Intro 22A of the City's Human Right Law will clearly give Plaintiff a full hearing on the merits.

44. This Defendant City of New York's outrageous and malicious conduct, done with regard to Plaintiff's civil rights will allow him to be heard on Plaintiff's allegations.

45. In addition to Defendant's outrageous behavior with regard to discrimination in the workplace, Defendant City of New York has retaliated against Plaintiff by creating a retaliatory environment for taking action under the provisions of EEOC. Once Plaintiff filed a complaint against the City (HPD) with the New York State Division of Human Rights, as well as the EEOc, Defendant started fabricating untruthful performances at work. Prior to Plaintiff's complaints there had been "no" negative evaluations or commentary about his job performance.

46. Specifically, Defendant, through its counsel, used materials which it made

in response to Plaintiff's charges in an EEOC mediation to hamper Plaintiff's movement, for any jobs after the mediation ended, thereby continuing to retaliate and create a hostile work environment. Defendant has also violated City Personnel and Labor regulations, by failing to interview for some of these said positions.

47.   By acting as described herein, Defendant acted with malice or recklessness, causing Plaintiff to undergo intimidation, a hostile and offensive work environment, causing Plaintiff monetary damages and emotional injuries and numerous other activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.   Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all parties in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of Race, and Retaliation.

B.   An order requiring that the Defendant hire Plaintiff to one of the promotions which he applied for and was not interviewed for, with full seniority, status, salary, increments, bonuses and benefits to the same extent he would have received, but for Defendant's unlawful conduct; along with an opportunity to be fully interviewed and considered for any other promotions.

C.   Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for Americans of Latino and African extraction as well as older Americans.

D.  Order the Corporation to make whole Darrell Sims, by providing back-pay with pre-judgment and post-judgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, promotion into the previous management position, or front pay in lieu thereof.

E.  Award Plaintiff compensatory damages for past and future pecuniary losses and for non-pecuniary losses in the amount of $500,000.00.

F.  Grant reasonable attorney fees to Plaintiff.

G.  Award the Plaintiff his costs and expenses incurred in pursuing this action.

I.  Grant such further relief as the Court deems necessary and proper.

### JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all triable by jury.

Respectfully submitted,

*[signature]*

PAMELA D. HAYES, ESQ.
200 West 57th Street, Suite 900
New York, New York 10019
(212) 687-8724 (telephone)
(212) 980-2969 (fax)
pdhayesesq@aol.com

*Attorney for Plaintiff*

DATED:  New York, New York
        June 30, 2008

TO: Clerk of Court
United States District Court
Southern District of New York

Corporation Counsel, City of New York
100 Church Street
New York, New York 10007