UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

DARRELL SIMS,

                    **Plaintiff,**

        - against -            **08 Civ. 5965(JGK)**

THE CITY OF NEW YORK,

               **Defendant.**        <u>**MEMORANDUM OPINION AND**</u>
                                                   <u>**ORDER**</u>

─────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Darrell Sims, moves for reconsideration of the judgment clerk's award of costs to the defendant, the City of New York.

**I.**

    The plaintiff filed a complaint against the defendant in July 2008, alleging employment discrimination. (Lindsay Decl. ¶ 3). On September 30, 2010, the Court partially granted the defendant's motion for summary judgment. <u>See</u> <u>Sims v. City of New York</u>, No. 08 Civ. 5965, 2010 WL 3825720, at * 13 (S.D.N.Y. Sept. 30, 2010). The first trial began on January 18, 2011, and on January 30, the jury was discharged after being unable to reach a verdict. (Lindsay Decl. ¶¶ 6-7). A second trial began on April 26, 2011. (<u>Id.</u> at ¶ 8). On May 5, 2011, a jury found for the defendant, and the plaintiff's complaint was dismissed. (<u>Id.</u> at ¶ 9-10). On June 7, 2011, the defendant filed an

1

application with the judgment clerk for costs totaling
$7,012.87. (Lindsay Decl. Ex 1 ("Application"), at ¶ 9). The
judgment clerk awarded the defendant $5,334.18, which
represented the costs of (1) the original and one copy of the
plaintiff's deposition transcript, (2) the trial transcript from
the first trial, and (3) the trial transcript from the second
trial. (Lindsay Decl. ¶¶ 16-17.) The Clerk reduced the costs
sought by the defendant to only the original and one copy of the
plaintiff's deposition transcript, and reduced the costs of the
trial transcripts by excluding the costs of diskettes and
minuscripts.[1] In response, the plaintiff filed a motion for
reconsideration, contending (1) that the defendant should not be
able to recover costs for the plaintiff's deposition testimony
because the plaintiff's motion for summary judgment "was not
decided in [the] defendant's favor in its entirety," (2) that
the defendant should not be able to use the second trial as a
way to recoup the costs of the transcript from the first trial,

---

[1] Based on the invoices, the judgment clerk should have awarded
$5,333.47, which is the sum of $3,646.89, the cost of the first
trial transcripts, $1,154.58, the cost of the second trial
transcripts, and $532.00, the amount awarded to the defendant
for deposition transcripts by the judgment clerk in the bill of
costs. (See Lindsay Decl. Ex.1 at Ex C; Lindsay Decl. Ex. 3.)
The final figure reached below reflects that.

and (3) that the plaintiff cannot bear the economic burden of the award.

## II.

Generally, Federal Rule of Civil Procedure 54(d) "allows the district court to award the prevailing party its costs. However, . . . the types of costs which may be shifted are limited by 28 U.S.C. § 1920." Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp., 95 F.3d 153, 171 (2d Cir. 1996) (citation omitted). Section 1920 provides that the following costs may be taxed, among others: "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920. Local Rule 54.1(c) gives further guidance as to items taxable as costs. It provides, in relevant part:

Items Taxable as Costs

(1) Transcripts. The cost of any part of the original trial transcript that was necessarily obtained for use in this court or on appeal is taxable. . . .

(2) Depositions. Unless otherwise ordered by the court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at trial, whether or not it was read in its entirety. Costs for depositions are also

3

taxable if they were used by the court in ruling on a

motion for summary judgment or other dispositive

motion.

Local Civ. R. 54.1(c).  "The burden is on the prevailing party

to establish to the court's satisfaction that the taxation of

costs is justified."  John G. v. Board of Education of Mt.

Vernon Public Schools, 891 F. Supp. 122, 123 (S.D.N.Y. 1995);

see also AIG Global Sec. Lending Corp. v. Banc of America Sec.

LLC, No. 01 Civ. 11448, 2011 WL 102715, at *2 (S.D.N.Y. Jan. 06,

2011).


### A.

It is plain that the transcript of the plaintiff's

deposition was used during the course of the second trial.  See

(Trial Transcript ("Tr.") at 225-27).  Also, the deposition was

used by this Court in its evaluation of the defendant's motion

for summary judgment.  See Sims, 2010 WL 3825720, at *3, *5.

The plaintiff, however, claims that the defendant was not a

fully prevailing party in its motion for summary judgment, and

therefore it cannot recover the costs of the deposition

transcript.  Regardless of whether the defendant was, within the

meaning of Local Rule 54.1, a "prevailing party" in the summary

judgment motion, the defendant was unquestionably the prevailing

party at the second trial, during which the deposition was used
to impeach the plaintiff.  Moreover, "it is now well-established
that a deponent's testimony at trial 'alone is sufficient to end
the inquiry as to whether their depositions were 'used' at the
trial.'"  Farberware Licensing Co. v. Meyer Mktg. Co., No. 09
Civ. 2570, 2009 WL 5173787, at *5 (S.D.N.Y. Dec. 30, 2009)
(quoting Perry v. Metropolitan Suburban Bus Auth., 236 F.R.D.
110, 112 (E.D.N.Y. 2006)), aff'd 428 F. App'x 97 (2d Cir. 2011).


                                B.

     The plaintiff similarly objects to the award of costs for
the transcript of the first trial because the defendant did not
prevail at the first trial.  This argument is also without
merit.  The transcript of the first trial was clearly necessary
for the purposes of use at the second trial, particularly for
purposes of impeachment of the plaintiff.  See Bennett Chem. Co
v. Atl. Commodities, Ltd., 24 F.R.D. 200, 203 (S.D.N.Y. 1959)
(insofar as the transcript of the first trial was used during
the new trial, award of costs was proper); see also Local Civ.
R. 54.1(c)(1).

                                5

## C.

The plaintiff also objects to the award of costs to the defendant for the transcript of the second trial.  Although the Defendant argues that the transcript was necessary in order to prepare for cross examination, summation and the jury charge, "[u]se of the transcripts during trial ... does not mean they were 'necessarily obtained.'"  John G., 891 F. Supp. at 123 (citing Galella v. Onassis, 487 F.2d 986, 999 (2d Cir. 1973)).  "The mere convenience to counsel is insufficient to justify the taxation of costs."  Id. (quotation marks omitted).  Moreover, when the trial in question is "not overly long or complicated," the attorneys present can take notes sufficient for use during cross examination and summation.  See Karmel v. City of New York, No. 00 Civ. 9063, 2008 WL 216929, at *3 (S.D.N.Y. Jan. 9, 2008).  Here, the trial lasted for less than two weeks, and two attorneys for the defendant were present for the trial.  Moreover, the defendant has not suggested the trial was overly complex.  Therefore, transcripts of the proceedings were a convenience, not a compensable necessity.  See id. (denying trial transcripts because the trial lasted only twenty-two days and two defense attorneys were present during the trial); Dehoust v. Baxter Healthcare Corp., No. 98 Civ. 0774, 1999 WL 280423, at *3 (S.D.N.Y. May 4, 1999) (denying trial transcripts costs

because the trial lasted less than two weeks and did not involve any complexities).  Accordingly, the award of costs to the defendant is reduced by the amount of costs associated with the second trial transcripts, $1,154.58.  (See Lindsay Decl. Ex. 1 at Ex C.)

### III.

Finally, the plaintiff asserts that the Court should consider his financial situation when determining whether to reconsider the award of costs.  In using its discretion to determine the award of costs, a court may consider the financial status of the party against whom the award is sought.  See Burchette v. Abercrombie & Fitch Stores, Inc., No. 08 Civ. 8786, 2010 WL 3720834, at *4 (S.D.N.Y. Sept. 22, 2010).  However, "indigency per se does not preclude an award of costs against an unsuccessful litigant."  Id. (quoting Whitfield v. Scully, 241 F.3d 264, 273 (2d Cir. 2001)).  "If relying on the losing party's financial circumstances, the non-prevailing party must make a strong showing of financial hardship."  Perks v. Town of Huntington, No. 99 Civ. 4811, 2008 WL 8091034, at *4 (E.D.N.Y. Mar. 31, 2008) (collecting cases).

Here, the plaintiff has provided no evidence that the award would impose a substantial hardship.  He offers only conclusory

allegations of his inability to pay and points out that his yearly salary is $83,000.  Without any support, this statement falls short of a "strong showing," particularly because the award to the defendant has been further reduced by more than twenty per cent.  Accordingly, the Court declines to reconsider the award of costs based on the plaintiff's financial situation.

CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit.  The plaintiff's motion for review of the judgment clerk's award of costs is **granted in part** and **denied in part**. The plaintiff shall therefore pay costs in the amount of $4,178.89.  The Clerk is directed to close **Docket No. 70**.

SO ORDERED.

Dated:     New York, New York
           October 10, 2011

                                        _____
                                            John G. Koeltl
                                        United States District Judge